UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SUZANN STEVENS                          :
                                        :
        v.                              :        C.A. No. 14-157S
                                        :
FOSTER WHEELER,                         :
LLC,  et al.                            :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

        This asbestos case was commenced by Plaintiffs Suzann Stevens and James Stevens in

Rhode Island Superior Court on or about January 10, 2014.   (Document No. 1 at ¶ 1).   Defendant

Foster Wheeler, LLC removed the case to this Court on April 2, 2014 pursuant to 28 U.S.C.

§1442(a)(1) – so-called federal officer removal.   In January 2015, James Stevens died, and Suzann

Stevens now pursues this case both personally and on behalf of the Estate of James Stevens.

Plaintiff alleges that James Stevens was injured due to exposure to "various asbestos containing

products" which resulted in him contracting "asbestos-related mesothelioma..." (Document No. 1-1

at ¶ 5).   Pending before the Court is Defendant Foster Wheeler's Motion for Summary Judgment

(Document No. 251) filed pursuant to Fed. R. Civ. P. 56.   Plaintiff filed an Objection to the Motion.

(Document No. 259).   A hearing was held on July 14, 2016.   This matter has been referred to me

for preliminary review, findings and recommended disposition.   28 U.S.C. § 636(b)(1)(B); LR Cv

72(a).   After reviewing the Memoranda submitted by the parties and the relevant case law, I

recommend that Foster Wheeler's Motion for Summary Judgment be DENIED.

        **Background**

        Plaintiff alleges Mr. Stevens' asbestos exposure took place while he was serving in the U.S.

Navy, aboard Navy Ships and in shipyards.   Foster Wheeler  acknowledges that its boilers were

present on the USS Allagash, a naval ship that Mr. Stevens served aboard for roughly fifteen months, but argues that Plaintiff's claims are barred by the Bare Metal Defense, Government Contractor Defense and the Sophisticated User Defense.  Foster Wheeler also argues that Plaintiff's personal claim for loss of consortium does not survive.  At the hearing, Plaintiff withdrew her contested claim for punitive damages.  The parties also agreed that maritime law applies in this action.

In support of its Motion, Foster Wheeler submitted a Statement of Undisputed Facts, to which Plaintiff responded. (Document Nos. 252, 259-1). Plaintiff also submitted a Statement of Additional Material Facts. (Document No. 259-2).

### Statement of Facts

James Stevens enlisted in the U.S. Navy on June 21, 1945, and after release from active duty, was recalled on June 20, 1951.  (Document No. 252 at ¶¶ 4, 10, 11).  Because his only potential source of exposure to Foster Wheeler's products was while he was assigned to the USS Allagash from July 7, 1951 through October 11, 1952, the Court focuses solely on this time period.  Id. at ¶ 12.

The USS Allagash was laid down on October 26, 1944 at Bethlehem Steel Corporation Shipyard in Sparrows Point, Maryland, approximately seven years before Mr. Stevens began his service aboard the Vessel.  Id. at ¶ 13.  When Mr. Stevens began serving on the USS Allagash, he was a boilerman, third class, and later became a boilerman, second class, in the fire room.  Id. at ¶ 14.  Foster Wheeler manufactured four boilers installed in the fire room on the USS Allagash.  (Document No. 259-2 at ¶ 87).  The Foster Wheeler boilers contained asbestos sheet gaskets, woven asbestos tape, asbestos millboard, brass sheathed asbestos insert packing strip, compressed asbestos

sheet economizer outlet manifold seals, compressed asbestos sheet economizer inlet manifold seals, asbestos rope, globe valves with asbestos stem packing, angle valves with asbestos stem packing, and asbestos hand hold gaskets.  Id. at ¶ 93.  Foster Wheeler used asbestos-containing materials in the construction of the boilers and provided additional asbestos-containing materials to be used in the boilers.  Id. at ¶ 94.

As a boiler technician, Mr. Stevens stood watch monitoring the water gauge, as a burnerman, or on the control board.  He also repaired leaks, and changed gaskets on pumps and valves and performed additional work on the boilers including working on safety valves.  He also recalled "cleaning water sides," a process that involved opening manhole covers to enter the water drums to clean out the boiler piping with electric brushes.  (Document No. 259-1 at ¶ 14).  In order to do this, the manhole gasket had to be removed and replaced and the gasket seating surface was cleaned with a scraper and a wire brush.  Id. at ¶ 14. He testified that he removed lagging on the steam drums of the boilers and also replaced bricks in the furnaces of the boilers, which required opening the boiler furnace accesses and removing and replacing access gaskets.  Id.

Mr. Stevens watched four-hour long shifts with eight-hour long breaks between shifts.  When not on watch, he spent the rest of his time (approximately twelve hours) doing whatever maintenance work needed to be done in the fire room.  (Document No. 259-2 at ¶ 90).  Mr. Stevens was diagnosed with mesothelioma on August 30, 2013 and died on January 19, 2015 at the age of 87.  Id. at ¶ 84.          **Summary Judgment Standard**

Summary Judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). When deciding a motion

for summary judgment, the Court must review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor.  Cadle Co. v. Hayes, 116 F.3d 957, 959 (1st Cir. 1997).

Summary judgment involves shifting burdens between the moving and the nonmoving parties.  Initially, the burden requires the moving party to aver "an absence of evidence to support the nonmoving party's case." Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).  Once the moving party meets this burden, the burden falls upon the nonmoving party, who must oppose the motion by presenting facts that show a genuine "trialworthy issue remains."  Cadle, 116 F.3d at 960 (citing Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995); Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994)).  An issue of fact is "genuine" if it "may reasonably be resolved in favor of either party."  Id.  (citing Maldonado-Denis, 23 F.3d at 581).

To oppose the motion successfully, the nonmoving party must present affirmative evidence to rebut the motion.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-257 (1986).  "Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, [or] unsupported speculation." Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).  Moreover, the "evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve."  Id.  (quoting Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)).  Therefore, to defeat a properly supported motion for summary judgment, the nonmoving party must establish a trialworthy issue by presenting "enough competent evidence to

-4-

enable a finding favorable to the nonmoving party." Goldman v. First Nat'l Bank of Boston, 985

F.2d 1113, 1116 (1st Cir. 1993) (citing Anderson, 477 U.S. at 249).

**Discussion**

In its Motion for Summary Judgment, Foster Wheeler argues that the Bare Metal Defense

shields it from liability and that Plaintiff's claims are barred by both the Government Contractor

Defense and the Sophisticated User Defense. (See Document No. 251-1). Foster Wheeler also

asserts that Mrs. Stevens' claim for loss of consortium is not legally viable. Id. In her Objection

to the Motion for Summary Judgment, Plaintiff identifies several factual issues that she claims are

material and preclude entry of summary judgment in Foster Wheeler's favor. The Court will discuss

each in turn.

**A.      The Bare Metal Defense in Failure to Warn Cases**

First, Foster Wheeler asserts that it is not liable for asbestos-containing material that it did

not manufacture, design, supply or install. (Document No. 251-1 at p. 17). This defense is

sometimes called the "bare-metal" defense. The "bare metal defense" generally shields a defendant

from liability for a duty to warn of hazards inherent in asbestos products, absent specific evidence

that the company manufactured or distributed the particular asbestos-containing parts to which the

Plaintiff was exposed. See Conner v. Alfa Laval, Inc., 842 F. Supp. 2d 791, 801 (E.D. Pa. 2012).

Plaintiff argues that despite Conner's general rule, there is a triable issue concerning the Bare

Metal Defense when a product supplied "bare metal," such as Foster Wheeler's boilers, still requires

(or integrates) asbestos-containing components and cannot function properly without those

components. Plaintiff points the Court to the recent ruling of the District Court in the Northern

District of New York in Osterhout v. Crane Co., No. 5:14-CV-208 (MAD/DEP), 2016 U.S. Dist.

Lexis 39890 (N.D.N.Y. Mar. 21, 2016).  In that case, the District Court outlined the approaches followed by various courts confronted with claims concerning asbestos-containing replacement parts supplied by third parties.  The Court found that a duty to warn "may attach where the defendant manufactured a product that, by necessity, contained asbestos components, [where the asbestos-containing material was essential to the proper functioning of defendant's product, and] where the asbestos-containing material would necessarily be replaced by other asbestos-containing material, whether supplied by the original manufacturer, or someone else."  2016 U.S. Dist Lexis 39890, *34. Plaintiff notes that Foster Wheeler boilers were built and supplied with asbestos-containing materials and required asbestos-containing materials to properly function. The Osterhout Court stated that a duty to warn could attach where the "manufacturer incorporated the asbestos-containing material into its product, meaning that asbestos would inevitably be introduced into the stream of commerce along with the product." Id. at *39.  The Osterhout Court then noted that a "reasonably jury could find facts that imposed upon Foster Wheeler...a duty to warn...even if they did not actually supply the asbestos-containing material to which [Plaintiff] was exposed." Id. at *39.  I find the reasoning of Osterhout to be persuasive and applicable here.

Foster Wheeler, on the other hand, contends that Plaintiff has not set forth any evidence that Mr. Stevens was exposed to asbestos-containing components that were manufactured, sold or supplied by Foster Wheeler.  (Document No. 251-1 at p. 17-22).   Foster Wheeler asserts that even if it supplied an asbestos-containing component for the boilers on the USS Allagash, those components would have been replaced before Mr. Stevens boarded the ship. Id. at p. 23.  Foster Wheeler also notes that it is undisputed that it did not manufacture asbestos products.  Id.  Foster

Wheeler therefore asserts that it has met the standard under the Bare Metal Defense and asks the Court to enter summary judgment.

Based on the reasoning of <u>Osterhout</u>, I find that there is a triable issue concerning whether Foster Wheeler had a duty to warn in this case. Because the Court is required to view the evidence in the light most favorable to the nonmoving party and because Plaintiff has set forth evidence from which a reasonable factfinder could resolve in favor of either party, summary judgment is not appropriate. Accordingly, I recommend that Foster Wheeler's Motion for Summary Judgment on this issue be DENIED.

### B.    The Sophisticated User/Sophisticated Purchaser Defense

"According to the 'sophisticated user' defense, there is no duty to warn an 'end user' of a product's latent characteristics or dangers when the user knows or reasonably should know of those dangers." <u>Taylor v. Am. Chemistry Council</u>, 576 F.3d 16, 24 (1st Cir. 2009). Plaintiff asserts that Judge Robreno who long presided over the federal asbestos MDL held that the sophisticated purchaser defense is not available under maritime law in cases involving asbestos. <u>See</u> <u>Mack v. Gen. Elec. Co</u>, 896 F. Supp. 2d 333, 343 (E.D. Pa. 2012). (Document No. 259 at p. 46). Defendants urge the Court to follow a separate line of cases, and note that the Navy was the entity that "purchased and controlled the use of the product and who thus had the power to determine what safety precautions, if any, were to be taken in the product's use." (Document No. 251-1 at p. 24). Without weighing in on the availability of the Defense in the District of Rhode Island, the Court finds the evidence set forth by Plaintiff sufficient to create numerous fact issues. Specifically, there is a genuine factual dispute as to whether Defendant's reliance on the Navy to warn Mr. Stevens of the hazards of asbestos was reasonable. Because I find that this raises a genuine issue of material

fact, I recommend that Foster Wheeler's Motion for Summary Judgment on this issue be DENIED without prejudice to renewal at trial under Fed. R. Civ. P. 50, if appropriate.

### C.      The Government Contractor Defense

The Government Contractor Defense holds that "independent contractors are immune from state law tort claims when (1) the United States Government approved reasonably precise specifications for the product at issue (2) the equipment conformed to those specifications and (3) the contractor warned the United States about dangers in the use of the equipment that were known to it, but not known to the United States." Boyle v. United Tech. Corp., 487 U.S. 500 (1988); see also Faddish v. Gen. Elec. Co., C.A. No. 09-70626, 2010 WL 4146108, at *6 (E.D. Pa. Oct. 20, 2010). Plaintiff claims that even if the Government Contractor Defense applies in this case, the Defendants cannot satisfy the elements of the test because they cannot provide evidence that demonstrates that the United States exercised its discretion and approved the warnings, if any; that the contractor provided warnings that conformed to the approved warnings, and that the contractor warned the United States about the dangers of the equipment's use that the contractor knew about, but the United States did not. Tate v. Boeing Helicopters, 55 F.3d 1150, 1157 (6th Cir. 1995).

Defendants generally argue that the Navy imposed reasonably precise specifications, that the equipment conformed to those specifications and that the Navy knew of the hazards of asbestos as of the 1920s. Defendants also assert that Plaintiff relies upon an incorrect legal standard. Viewing the record in detail, it is plainly apparent that both sides have submitted sufficient evidence to support conflicting material facts. Because I find that the parties' presentations of competing evidence present material factual disputes, the resolution of which is the proper province of the jury,

I recommend that Foster Wheeler's Motion for Summary Judgment on this issue be DENIED without prejudice to renewal at trial under Fed. R. Civ. P. 50, if appropriate.

### D.      Whether Mrs. Stevens Loss of Consortium Claim is Viable

The next issue is Mrs. Stevens' loss of consortium claim. Foster Wheeler argues that general maritime law does not allow for a loss of consortium claim, citing several authorities.  (Document No. 251-1 at p. 30).  Plaintiff disagrees, countering that 28 U.S.C. § 1333 "saves to suitors all common law remedies that the common law is competent to give – including disparate state damages for death."  (Document No. 259 at p. 53).

This Court recently addressed the issue in Shepherd v. Air & Liquid Sys. Corp., et al., C.A. No. 12-143L, 2015 WL 5703799, *7 (D.R.I. May 13, 2015).  Foster Wheeler disagrees with this Court's Report and Recommendation in that case, arguing that this Court's reliance on a case from the District of Connecticut, Bray v. Ingersoll-Rand Co., No. 3:13-CV-1561 (SRU), 2015 WL 728515 (D. Conn. Feb. 19, 2015), was in error. Foster Wheeler argues that the Bray Court did not decide the loss of consortium issue under the ambit of general maritime law, instead punting on the issue of whether general maritime law, or Connecticut law applied to the claim.  Foster Wheeler urges that the issue is clear-cut and summary judgment is warranted under established law.

The Court has thoroughly explored the case law, including decisions issued by the MDL and finds the question to be unresolved.  As noted in Shepherd, the Bray Court observed at Footnote 16 that, "[s]ome defendants have argued that general maritime law does not allow recovery for loss of consortium claims.  [However,] [t]hose arguments conflate the statutory limitations placed on recovery for cases brought under the Death on the High Seas Act ("DOHSA"), 46 U.S.C. § 762, and the Jones Act, 46 U.S.C. § 688, with actions brought under common law. Since 1980, the Supreme

Court has held that DOHSA and the Jones Act do not preclude claims made under state common law for wrongful death and loss of society, as well as other personal injury torts." The <u>Bray</u> Court also cited <u>Yamaha Motor Corp.</u>, 516 U.S. at 213-216; <u>Jerome B. Grubart, Inc.</u>, 513 U.S. at 545 (maritime jurisdiction "does not result in automatic displacement of state law"); cf. <u>In Re Dammers & Vanderheide & Scheepvaart Maats Christina B.V.</u>, 836 F.2d 750, 756 (2nd Cir.1988) (noting that general maritime law allows a spouse to bring a common law claim under state law for loss of consortium)."

Although Foster Wheeler disagreed with this Court's interpretation of <u>Bray</u>, the District Court in <u>Shepherd</u> accepted the Court's Report and Recommendation in that case over Foster-Wheeler's Objection and it became the law of the case in <u>Shepherd</u>.  See <u>Shepherd v. Air & Liquid Sys. Corp.</u>, No. 12-143L, 2015 WL 5714705 (D.R.I. Sept. 29, 2015).   Foster-Wheeler's present arguments do not convince the Court to reverse course.   Therefore,  I also recommend that the District Court DENY Foster Wheeler's Motion for Summary Judgment as to the loss of consortium count for the reasons articulated in <u>Bray</u> and adopted in <u>Shepherd</u>.

**Conclusion**

For these reasons, I recommend that Foster Wheeler's Motion for Summary Judgment (Document No. 251) be DENIED.  Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  <u>See</u> Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's

decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1ˢᵗ Cir. 1986); Park Motor Mart, Inc.

v. Ford Motor Co., 616 F.2d 603, 605 (1ˢᵗ Cir. 1980).


  /s/   Lincoln D. Almond              
LINCOLN D. ALMOND
United States Magistrate Judge
October 14, 2016