UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
SUZANN STEVENS, Personally and as   )
Representative and Trustee of the   )
Estate of JAMES STEVENS,            )
                                    )
        Plaintiffs,                 )
                                    )
   v.                               )   C.A. No. 14-157 S
                                    )
AIR & LIQUID SYSTEMS CORPORATION,   )
AS SUCCESSOR BY MERGER TO           )
BUFFALO PUMPS, INC. et al.,         )
                                    )
        Defendants.                 )
_____)

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is Defendant Foster Wheeler's Motion for Summary Judgment. (ECF No. 251.) Magistrate Judge Lincoln D. Almond recommended that Defendant's Motion be denied (Report and Recommendation, ECF No. 267), and Defendant filed an Objection (Def.'s Obj., ECF No. 269). For the reasons set forth below, the Report and Recommendation is ACCEPTED.

I. Standard of Review

The facts presented by the parties must be viewed "giving the benefit of reasonable doubt to those against whom the motion is directed." Stella v. Town of Tewksbury, Mass., 4 F.3d 53, 55 (1st Cir. 1993). The Court will then grant summary judgment only "if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court reviews Magistrate Judge Almond's Report and Recommendation de novo. See 28 U.S.C. § 636(b)(1).

II. Background

James Stevens served as a boiler technician aboard the USS Allagash from July 7, 1951 until October 11, 1952. (Pl.'s Statement of Additional Undisputed Facts ¶¶ 88-89, ECF No. 259-2.[1]) The boilers on the Allagash were manufactured by Defendant Foster Wheeler. (Id. ¶ 87.) During construction of those boilers, Foster Wheeler used "asbestos containing materials" and also "provided additional asbestos-containing materials to be used in the boilers." (Id.) Mr. Stevens came in contact with Foster Wheeler's boilers and was exposed to asbestos. (Id. ¶ 94.) Several decades later, on August 30, 2013, Mr. Stevens was diagnosed with mesothelioma. Mr. Stevens passed away less than two years after that diagnosis, on January 19, 2015. (Id. ¶ 84.) Several experts have provided opinions linking Mr. Stevens' mesothelioma with his exposure to asbestos while aboard the Allagash. (See id. ¶¶ 99-100.)

Plaintiff brought suit against Foster Wheeler, along with

---

[1] The Court notes that Defendant has not contested any of the facts set forth in Plaintiff's Statement of Additional Undisputed Facts. See LR Cv 56(a)(5) ("If an objecting party files a separate statement of additional undisputed facts and the movant contests any of those facts, the movant shall file a separate statement setting forth what additional facts are disputed . . . .").

2

several other parties, for damages relating to Mr. Stevens' exposure to asbestos. (See Compl., ECF No. 1-1.) After discovery was complete, Foster Wheeler moved for summary judgment on five grounds:

>   (1) Plaintiff's claims against Foster Wheeler are barred by the government contractor defense;
>
>   (2) Foster Wheeler is not liable for products it did not manufacture, design, supply, or install;
>
>   (3) Plaintiff's claims against Foster Wheeler are barred by the "sophisticated user" defense;
>
>   (4) Plaintiff's claim for punitive damages is barred under maritime law; and
>
>   (5) Plaintiff's claim for loss of consortium is barred under maritime law.

(Def.'s Mot. for Summ. J. 2, ECF No. 251-1.) In response, Plaintiff abandoned the punitive damages claim but opposed the remainder of Foster Wheeler's Motion. (See Pl.'s Opp'n to Def.'s Mot. for Summ. J. 60, ECF No. 259.) The Court therefore reviews Defendant's remaining four arguments.

III. Analysis

  A. The Bare Metal Defense

As a general rule, "there can be no liability . . . for asbestos exposure arising from a product (or component part) that a manufacturer defendant did not manufacture or supply." Devries v. Gen. Elec. Co., 188 F. Supp. 3d 454, 459 (E.D. Pa. 2016). This is the so-called "bare metal defense." Id. at 455-56. However, several courts have found an exception to this

defense

> where the defendant manufactured a product that, by necessity, contained asbestos components, where the asbestos-containing material was essential to the proper functioning of the defendant's product, and where the asbestos-containing material would necessarily be replaced by other asbestos-containing material, whether supplied by the original manufacturer or someone else.

Osterhout v. Crane Co., 5:14-CV-208 (MAD/DEP), 2016 U.S. Dist. LEXIS 39890, *34 (N.D.N.Y. Mar. 21, 2016); see also Quirin v. Lorillard Tobacco Co., 17 F. Supp. 3d 760, 769 (N.D. Ill. 2014). Some form of this exception has been previously recognized by the District of Rhode Island, see Shepherd v. Air & Liquid Sys. Corp., C.A. No. 12-143L, 2015 WL 5703799, at *6 (D.R.I. May 13, 2015), report and recommendation adopted, 2015 WL 5714705 (D.R.I. Sept. 29, 2015), and Defendant points to no conflicting guidance from the First Circuit.

Magistrate Judge Almond, after considering this exception to the "bare metal defense," determined that "there is a triable issue concerning whether Foster Wheeler had a duty to warn in this case." (See Report and Recommendation 7, ECF No. 267.) The Court agrees with that assessment. Therefore, the Court ACCEPTS Magistrate Judge Almond's finding that the "bare metal defense" does not warrant summary judgment in favor of Defendant.

B. Sophisticated User Defense

Under the "sophisticated user" defense, a product supplier has "no duty to warn an end user of [the] product's latent

characteristics or dangers when the user knows or reasonably should know of those dangers." Taylor v. Am. Chemistry Council, 576 F.3d 16, 24-25 (1st Cir. 2009) (internal citations and footnote omitted). Where three parties are involved (i.e., a supplier of a product, an employer using the supplier's product, and an employee coming into contact with the product), the "end user" may include either the employer or "an employee who foreseeably comes into contact with the product and is injured." Id. at 25 n.6. Generally, if the "end user" is the employer, "the analysis will focus on what the intermediary already knows, and sometimes it will depend on what the manufacturer tells the intermediary." Genereux v. Am. Beryllia Corp., 577 F.3d 350, 366 (1st Cir. 2009). Alternatively, if the end user is the employee, the sophisticated user defense is only available if a defendant "establish[es] that the plaintiff (or decedent) injured by the product . . . was 'sophisticated' as to the hazards of that product." Mack v. Gen. Elec. Co., 896 F. Supp. 2d 333, 343 (E.D. Pa. 2012).

Defendant argues that, in this case, the Court should consider the Navy, Mr. Stevens' employer, as the "end user." (Def.'s Mot. for Summ. J. 23-24, ECF No. 251-1.) Plaintiff argues that the Navy is the "purchaser," not the "user," and that the "sophisticated purchaser" defense is not available under maritime law. (Pl.'s Opp'n to Def.'s Mot. for Summ. J. 43, ECF No. 259 (citing Mack, 896 F. Supp. at 343).) The Court need

5

not resolve which party is the "end user" or whether the "sophisticated purchaser" defense is available under maritime law at this time. Even assuming Defendant is correct, there remains a genuine factual dispute as to (1) what the Navy knew about the dangers of asbestos, and (2) whether Defendant provided the Navy with adequate warnings of those dangers. Magistrate Judge Almond's finding that the "sophisticated user" defense does not warrant summary judgment in favor of Defendant is therefore ACCEPTED.

   C. Government Contractor Defense

   "The government contractor defense . . . generally immunizes government contractors from civil liability arising out of the performance of federal procurement contracts." Bailey v. McDonnell Douglas Corp., 989 F.2d 794, 797 (5th Cir. 1993). For Defendant to obtain summary judgment based on this defense, Defendant must demonstrate that:

> (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States.

Boyle v. United Techs. Corp., 487 U.S. 500, 512 (1988). As Magistrate Judge Almond explained, the record demonstrates that there are genuine issues of material fact as to all three elements of the Boyle test. Magistrate Judge Almond's

6

recommendation that the government contractor defense does not warrant summary judgment is ACCEPTED.

D. Loss of Consortium

Foster Wheeler argues that maritime law does not allow for loss of consortium damages. As the basis for this argument, Foster Wheeler points to several cases where loss of consortium damages have been prohibited for claims brought pursuant to the Death on the High Seas Act ("DOHSA") and the Jones Act. (See Def.'s Obj. 15-16, ECF No. 269-1 (citing Miles v. Apex Marine Corp., 498 U.S. 19 (1990) and Horsley v. Mobil Oil Corp., 14 F.3d 200 (1st Cir. 1994).) But Plaintiff's claims are not brought under either DOHSA or the Jones Act. And, as Judge Underhill of the District of Connecticut has noted, defendants who argue "that general maritime law does not allow recovery for loss of consortium claims . . . conflate the statutory limitations placed on recovery for cases brought under [DOHSA and the Jones Act] with actions brought under common law." Bray v. Ingersoll-Rand Co., No. 3:13-CV-1561 SRU, 2015 WL 728515, at *7 n.16 (D. Conn. Feb. 19, 2015). This District has previously agreed with that analysis. See Shepherd, 2015 WL 5703799, at *7, report and recommendation adopted, 2015 WL 5714705. Absent alternative guidance from the First Circuit, the Court will continue to apply the holding in Shepherd. Magistrate Judge Almond's Report and Recommendation as to Plaintiff's loss of consortium claim is ACCEPTED.

IV. Conclusion

For the foregoing reasons, the Report and Recommendation (ECF No. 267) is ACCEPTED and Defendant's Motion for Summary Judgment (ECF No. 251) is DENIED.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date: March 16, 2017